Good morning. May it please the Court, I'm Karen Landau. I represent the appellant Stephen Bronte. I'd like to reserve four minutes for rebuttal. The main question in this case, of course, is the lack of a jury instruction on the bank deposit's method of proof. More than 20 years ago, this Court held that when the government uses an indirect method of proof, such as net worth or bank deposits, the Court must give an explanatory instruction to the jury regarding the assumptions inherent in the method of proof. That is the main several of these cases. And apart from the government agent's observation that, at least in part, it was a bank method's approach, there's nothing that appears to leave out as having anything to do with the bank deposit's method of approach. It all appears to be source of income and third-party payers and who did it and when. So how could that be plainly wrong? Well, Your Honor, first of all, there is more than just the government's expert's testimony. The government expert testified a few paragraphs of testimony about the bank using the bank deposit's method of proof. That testimony is unrebutted. The matter came up when the defense expert testified. He testified that the government actually, to be precise, the government expert said he used a hybrid method which relied primarily on the bank deposit's method. The defense expert addressed the question. The other thing is that many of the calculations engaged in by the government's expert are, in fact, the types of calculations that are required when the bank deposit method of proof is used. For example, in the bank deposit's method, the government is required to disprove leads offered by the taxpayer. And as this government has pointed out at length, it went to lengths to disprove Mr. Bronte's gift theory, which was the lead offered. Second, there were – if you review the government expert's testimony, he testified about, again, at length, at some length, about how generous he was in removing certain items that he could see were clearly from a non-taxable source. For example, in 1998, he testified, and this was on direct, that he excluded a deposit which he believed represented an inheritance. He excluded a couple small deposits which he believed represented share redemptions. He excluded a deposit which he believed represented an expense reimbursement. Interestingly, he didn't do that consistently for all years, but he certainly did that for 1998. And it's clear that the – that is the type of calculation that is required by the bank deposit method, but not by a specific items method. In fact, in a specific items method, the government has no obligation to disprove leads, has no obligation to check deductions or determine whether certain items have come from a non-taxable source. So that also – so it's not just the government expert's testimony. But in a broad term, what's the problem? The evidence here was that there's all this money pouring into the accounts. As to some of them, there's a question as to were these gifts from the Japanese relatives and so forth, and there's a lot of evidence about that. This is not what I had understood a more indirect method to be, where you look at how much money the guy is spending in a lavish lifestyle and so forth, and you're drawing lots of inferences. Here you've got specific items in the form of bank deposits. And I think the terminology got at least some people confused. The legal problem is the instructions to the jury, is it sufficiently clear what has to be established? And what is it the jury couldn't have understood from the instructions they were given that made a difference? Well, let me answer your question in two parts. First of all, there was a lot – in fact, a lot of indirect evidence of the type you would see in a bank deposits method. In fact, there was a lot of evidence that you would normally associate with a cash expenditures method. The government painted Mr. Bronte as living a lavish lifestyle. It presented evidence of the homes he owned, the amount of money that was paid in mortgage payments, for example. It offered photographs of the Tiburon house. So there was this type of indirect method of proof. Now, as far as what the jury didn't understand, there was evidence from the defense expert that it was impossible to tell that this money was coming in. It couldn't really be determined what it was. And in fact, the defense expert mentioned, he said, I can't tell. I don't know whether this is taxable income. I don't know whether it's share redemptions. I don't know whether it's repatriation of capital. We can't tell what it is. And in fact, that is what is significant here, is that the jury, under the form of proof that the government chose – and again, the defense doesn't select the method of proof. It's up to the government. But under that method, the jury has to find that he had income from a taxable source in the year in question. And the evidence was such that certainly it's plausible that the money represented, for example, repatriation of capital that he had earned in other years. But he hadn't paid taxes in years. Right. But that was not the issue. The government had to prove that he had taxable income for 1998, 1999, and 2000. If he had avoided tax in 1995 and 1996, that – the government could, of course, maybe bring in evidence of that under 404B. But that's not the proof of the charged counts. Well, it is in the sense that if your defense says maybe it's capturing gains that were actually obtained in earlier years, it's repatriation, as you say, well, then you would expect to find some capital gains reported in previous years. But he wasn't reporting capital gains in previous years because this man hadn't paid taxes in 10 years. Now, some of this really spins around and stares at the defendant. The one person who knows what that money or should know what that money is for is the defendant. Of course, he doesn't have to testify. But I have a hard time saying the jury couldn't figure out what was going on because of these theoretical possibilities that don't seem to match up with reality. But the problem is they're not theoretical possibilities. Again, Your Honor, I have to reiterate that what we have in the record we have, you know, the government could not have made its case without its expert witness. And he says this is what he did. We can't now go back and question that. And again, this is not a case where it's not a lone mention. It's not one sentence. It's not a throwaway. It's I did this. I did this. He said it several times. The matter came up with the defense. I mean, if this was a mistake, it needed to be corrected at the time of trial and the government had the opportunity to do so. Well, is there a dispute? When he says I did this, I did this, when he gives us the evidence, that's the record I look at. And it looks to me like this is what previously I've seen described as specific items, not bank deposit. It's the label that he attached to it that appears to be the problem. Again, though, Your Honor, I don't think it's that they didn't use the bank deposits method. I think it's that they didn't use it correctly. The record shows that he made the calculations that are, and I don't mean to argue with the Court, but the record shows that the, that he made the calculations that are required, some of the calculations required by the bank deposits method, not all. And I agree, you know, he looked at the wire transfers, but he also made other calculations that are not required by the specific items method. And, I mean, we take witnesses at their word, usually. And we have, this is what the record says. And, again, it wasn't just him. It was also the defense expert. Lastly, I just want to point out one other thing. On the prejudice side, the other thing to consider is that the government had considerable, the evidence that the government had tended to show that, you know, the jury was not the only individual on the planet. They used all these prior statements. They used a lot of things that tend to prejudice the jury against the defendant. Now, they had a right to bring in that evidence. But in a case like that, it is even more important than normal to have an adequate explanatory instruction. The government did not have direct evidence of what this money was. And it's important for the jury to understand that the method of proof is dependent on an assumption that unexplained income, and this is the assumption in a bank deposits case, unexplained income is from a taxable source. That's the assumption that the government relied on. I'd like to just move on and discuss the condition of supervised release briefly. As this Court is aware, the court, the district court imposed two special conditions for the supervised release, one prohibiting Mr. Bronte from employment in a fiduciary position without the permission of the probation officer, and the other prohibiting incurring any debt without the prior permission of the probation officer. The employment condition is not reasonably related to the offense of conviction. Mr. Bronte, as this Court is aware, was convicted of tax offenses. There are no findings that he violated his fiduciary position to his client. This Court has a strict rule on employment restrictions as a condition of supervised release, and the Court simply did not meet those, did not meet those requirements. That condition has to be vacated. I would argue the same would be true for the debt condition. Again, there was – it's simply – it's not related to the offense of condition – conviction, excuse me. I know the government has argued that it's reasonably related to the condition that he pay a fine. It's not really clear that that's enough under the law of the circuit. If there are no further questions, I'll reserve the rest of my time for rebuttal. Mr. Weil. May it please the Court, my name is Jay Weil, and I obviously represent the United States in this manner. With all due respect to Revenue Agent Charles Tona, who was our summary witness in this case, whose sole function in the case was simply to summarize all of the various specific items. He was not asked to opine as to whether or not it was income or not. He recognized that was a decision for the jury, and the judge so instructed, was simply wrong when he said in response to a question on cross-examination that this was a bank deposits method of case. It was not. And all the parties, I believe, that I could reflect, recognized that when defense counsel, who judge – the district judge later determined John Youngquist on the defense counsel was at sentencing, he recognized a very experienced criminal tax litigator, both for the government and in defense practice. Nobody ever requested a jury instruction on the bank deposits method. No mention of it was ever made in closing argument or in opening statements. And in fact, the defendant's summary witness testified in a great deal about what a bank deposits method was and testified that they didn't do it in this case. And we didn't do it. This was a very – this was a specific items case, as I think that Your Honors have recognized. The defendant, Mr. Bronte in this case, told us early on in this case from the moment that he was first examined by the IRS that the fact – the reason that I have not filed – not paid taxes in ten years is my rich in-laws in Japan have given me substantial gifts. These are the gifts. And what we did in the case, as indicated by our – the government's summary exhibits, which are in your record at 211 through – I think it's 216 – 226, very extensive. We went to every one of the entities which he says were associated with his in-laws and then showed exactly that in fact these monies came in, where they went, some of which went to the defendant, Mr. Bronte's parents, and then we – the claim laundered through him. We showed exactly where the money came from, where it went, and in some instances how it was used. And so this was a specific items case. This was not – specifically, this was not a bank deposit, so it was not air for the district judge to give an instruction that no one asked him to give. The instructions adequately described what the jury had to do in this case. With respect to the conditions of supervised release, these were not – the district judge didn't prohibit the defendant from – didn't prohibit the defendant from getting new lines of credit or getting a job involving some fiduciary capacity. He simply – the judge simply ordered, you've got to get the permission for the probation officer first to do that. And in this case, he owes millions of dollars in unpaid taxes. I think it's responsible for the probation officer to regulate and maintain his ability to borrow money. If he's going to borrow money, he ought to use that money to pay the taxes. And with respect to his fiduciary responsibilities, he purportedly was an investment advisor. I think it's responsible not of abuse of discretion of the district judge to require the probation officer to in some sense monitor the activities of Mr. Brown. That's the only troublesome one for me. And I'm not sure where I come out on it. The probation officer is asked to do more than monitor. The probation officer has a yes or a no decision. Correct. That seems to be unconstrained by the order from the court. No, I have no response to that, Your Honor. You're correct on that. And the dishonesty here, the dishonesty charged and proved is the dishonesty in failing to pay taxes. Correct. Do we – we don't have anything about dishonesty with respect to fiduciary responsibility to investors in a fund? Correct. I agree, Your Honor. So why is this a related condition? I'll only fall back on the situation that it's the probation officer. What you're suggesting, there's no really guidance to the probation officer. Well, that's one of the things I'm suggesting. I recognize that. I have no explanation for it. Unless the court has any further questions, I – And that's the answer? The answer is, Judge Breyer, in his opinion – in his sentencing, you can see at – you can see in the record at 285 through 286 of the record. And he describes why he imposed the sentence and why he did what he did. And he goes on to talk about him, the defendant, apparently thinking he was smarter than the government agents, trying to escape tax liability through a rather sophisticated scheme. I think the – we need to keep a tight rein on – once he gets out of prison, a tight rein on Mr. Bronte in the sense of his business activities and his ability to borrow money. The notion being he's a dishonest man. Correct. And dishonesty is not usually confined to one victim. That's the idea? Yes, Judge. Okay. If you have – unless you have further questions, I have nothing further to say. Thank you. Thank you. Ms. Landau? Well, I think this Court should reject the government's effort to distance itself from Mr. Tona at this time. I mean, the government presented its expert's testimony. It relied on him. It relied on his testimony in closing, and now he's saying he was wrong and you shouldn't consider it. That's a hard sell. Again, the government's expert witness, and he was qualified as an expert, whether or not – and he actually did opine on income, albeit on cross-examination in any event. The government's witness testified this was a bank deposits case. He did calculations consistent with that. As far as the defense expert, he said, well, I take him at his word. He says he did a bank deposit proof. He didn't do enough. He didn't get all the accounts. That's not enough. The defense expert also said they hadn't adequately proven a specific items case. So whatever they did, it simply wasn't enough. On the condition of supervised release, the government is suggesting that because the probation officer has the discretion to say yes or no, that's enough, and that's not correct. First of all, that decision is probably an improper delegation of authority to the probation officer. But regardless – I don't guess I understand that conviction. Well, actually, maybe that's a misstatement. But the bottom line is, here, it's an occupational restriction. It's not reasonably related to the offense of conviction. The fact that somebody is dishonest doesn't mean we get to put – or that the district judge thinks that somebody is dishonest and he's been convicted of a tax offense doesn't mean that any occupational restriction is acceptable. It has to be related to the offense of conviction, and it's simply not, Your Honor. Unless there are any further questions, I will submit. I don't believe so. Thank you. Counsel, both of you. The matter just argued will be submitted. The Court will stand in recess for the day.
judges: Rymer, W. Fletcher, Clifton